PEOPLE, PLAINTIFF AND APPELLEE, v. QUIRINDONGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 2284.—Decided June 27, 1924.

SPEEDY TRIAL—GOOD CAUSE FOR DELAY.—Unless there is a good cause to the contrary, the prosecution will be dismissed when the defendant has not moved for a continuance and is not brought to trial within 120 days after the filing of the information. On the facts in this case it was found that the district attorney did not show a good cause and that, therefore, the court should have sustained the motion to dismiss.

The facts are stated in the opinion.

*Messrs. Martínez Nadal, Tormes & Colón* and *J. A. Lastra* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On October 19, 1923, the District Attorney of Ponce filed

an information against Emiliano Quirindongo charging him with the crime of adulterating milk. On March 25, 1924, the case was called for trial and the defendant moved that the prosecution be dismissed because he had not been given the speedy trial vouchsafed him by the law. The district attorney objected and said: "When this case was filed on October 19th the court was holding a criminal term which ended late in November. In December and January the court had to take up the civil docket and in the beginning of February trials of criminal cases were resumed and have been proceeded with up to this date, as many as twenty cases of misdemeanor or three cases of felony having been tried in one day. With these facts I wish to show that the court has not had time to try this case before today, and that this is not only a good cause but a very good one for failure to try this case before today."

The clerk of the court testified in substance that the information was filed on the said date; that the accused was arraigned on December 27th following; that the court was holding its criminal term which ended in November; that afterwards a civil term was called for December and January, and that the next criminal term commenced in the following February and continued into March, as many as fifteen cases of misdemeanor having been tried in one day.

The court ruled on the question so raised as follows:

"Ruling on the motion of the defendant made at the opening of the trial, the court holds, in the first place, that it comes too late, and, in the second place, that there was a good and sufficient cause for not setting this case for trial as speedily as the court would like to carry out all proceedings. The defendant's exception is noted."

The trial was proceeded with. Evidence was heard and the defendant was sentenced to six months in jail. He appealed to this court and assigned two errors, one referring to his motion for dismissal and the other to the weighing of the evidence.

Section 448 of the Code of Criminal Procedure provides

that unless good cause to the contrary be shown, the court shall order the prosecution to be dismissed when a defendant, whose trial has not been postponed upon his application, is not brought to trial within one hundred and twenty days after the filing of the information.

It is admitted by the prosecution that the statutory one hundred and twenty days had elapsed and that the trial was not postponed at the instance or with the acquiescence of the defendant; but it is claimed that there was a good cause for the delay and that as no abuse of discretion on the part of the district court in so ruling had been shown, its ruling should not be reversed.

We agree that it is a good cause if the court was so busy that it was physically impossible to bring the case to trial, but we are of the opinion that this fact has not been shown here. The information was filed on October 19th and the accused was not arraigned until the end of December. What explanation has been given for this delay? If the accused had been arraigned in due time no reason is given why he could not have been tried during the criminal term of October and November. Nor is there any explanation of why the case was not set among the first of the February term, the information having been filed in October.

The statutes relative to a speedy trial, which is one of the guaranties enjoyed by all citizens of our country, should always be borne in mind by the judicial officers, and when they are invoked the courts must recognize them. Perhaps thereby some criminal may go unpunished, but a firm criterion will have the salutary effect of producing greater activity in the administration of justice.

It should be observed that in California instead of 120 days, or four months, as in Porto Rico, the period is only sixty days, or two months, and that in this particular case more than *five months* had elapsed when the case was called for trial.

Therefore, the judgment appealed from must be reversed and the prosecution dismissed.

*Reversed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.